**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MATTHEW GILLESPIE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. _____ |
| v. | ) |
| | ) JURY TRIAL DEMANDED |
| SLACK TECHNOLOGIES, INC., ANDREW BRACCIA, STEWART BUTTERFIELD, EDITH COOPER, SARAH FRIAR, SHEILA JORDAN, MIKE MCNAMARA, JOHN O'FARRELL, GRAHAM SMITH, SALESFORCE.COM, SKYLINE STRATEGIES I INC., and SKYLINE STRATEGIES II LLC, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

### NATURE OF THE ACTION

1. This action stems from a proposed transaction announced on December 1, 2020 (the "Proposed Transaction"), pursuant to which Slack Technologies, Inc. ("Slack" or the "Company") will be acquired by salesforce.com, inc. ("Parent"), Skyline Strategies I Inc. ("Merger Sub I"), and Skyline Strategies II LLC ("Merger Sub II," and together with Parent and Merger Sub I, "Salesforce").

2. On December 1, 2020, Slack's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with Salesforce. Pursuant to the terms of the Merger Agreement, Slack's

stockholders will receive $26.79 in cash and 0.0776 shares of Parent common stock for each share of Slack common stock they own.

3. On December 23, 2020, defendants filed a Form S-4 Registration Statement (the "Registration Statement") with the United States Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction.

4. The Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Registration Statement.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Slack common stock.

9. Defendant Slack is a Delaware corporation and a party to the Merger Agreement. Slack's common stock is traded on the NYSE, which is headquartered in New York, New York under the ticker symbol "WORK."

10. Defendant Andrew Braccia is a director of the Company.

11. Defendant Stewart Butterfield is Co-Founder, Chief Executive Officer, and a director of the Company.

12. Defendant Edith Cooper is a director of the Company.

13. Defendant Sarah Friar ("Friar") is a director of the Company. Friar formerly served as Senior Vice President, Finance and Strategy of Parent.

14. Defendant Sheila Jordan is a director of the Company.

15. Defendant Mike McNamara is a director of the Company.

16. Defendant John O'Farrell is a director of the Company.

17. Defendant Graham Smith ("Smith") is a director of the Company. Smith formerly served as Chief Financial Officer of Parent.

18. The defendants identified in paragraphs 10 through 17 are collectively referred to herein as the "Individual Defendants."

19. Defendant Parent is a Delaware corporation and a party to the Merger Agreement.

20. Defendant Merger Sub I is a Delaware corporation, a wholly-owned subsidiary of Parent, and a party to the Merger Agreement.

21. Defendant Merger Sub II is a Delaware limited liability company, a wholly-owned subsidiary of Parent, and a party to the Merger Agreement.

## **SUBSTANTIVE ALLEGATIONS**

*Background of the Company and the Proposed Transaction*

22. Slack is the leading channel-based messaging platform, used by millions to align their teams, unify their systems, and drive their businesses forward.

23. On December 1, 2020, Slack's Board caused the Company to enter into the Merger Agreement with Salesforce.

24. Pursuant to the terms of the Merger Agreement, Slack's stockholders will receive $26.79 in cash and 0.0776 shares of Parent common stock for each share of Slack common stock they own.

25. According to the press release announcing the Proposed Transaction:

Salesforce (NYSE: CRM), the global leader in CRM, and Slack Technologies, Inc. (NYSE: WORK), the most innovative enterprise communications platform, have entered into a definitive agreement under which Salesforce will acquire Slack. Under the terms of the agreement, Slack shareholders will receive $26.79 in cash and 0.0776 shares of Salesforce common stock for each Slack share, representing an enterprise value of approximately $27.7 billion based on the closing price of Salesforce's common stock on November 30, 2020. . . .

Details on the Proposed Transaction

The board of directors of each of Salesforce and Slack have approved the transaction and the Slack board recommends that Slack stockholders approve the transaction and adopt the merger agreement. The transaction is anticipated to close in the second quarter of Salesforce's fiscal year 2022, subject to approval by the Slack stockholders, the receipt of required regulatory approvals and other customary closing conditions.

Salesforce has also entered into a voting agreement with certain stockholders of Slack common stock, under which each such stockholder has agreed to vote all of their Slack shares in favor of the transaction at the special meeting of Slack stockholders to be held in connection with the transaction, subject to certain terms and conditions. The Slack shares subject to the agreement represent approximately 55% of the current outstanding voting power of the Slack common stock. . . .

Advisors

BofA Securities, Inc. is serving as exclusive financial advisor to Salesforce and Wachtell, Lipton, Rosen & Katz and Morrison & Foerster LLP are serving as legal counsel to Salesforce. Qatalyst Partners LP and Goldman Sachs & Co. LLC are serving as financial advisors to Slack. Latham & Watkins LLP and Goodwin Procter LLP are serving as legal counsel to Slack.

*The Registration Statement Omits Material Information, Rendering It False and Misleading*

26. Defendants filed the Registration Statement with the SEC in connection with the Proposed Transaction.

27. As set forth below, the Registration Statement omits material information.

28. First, the Registration Statement omits material information regarding the Company's and Salesforce's financial projections.

29. With respect to the Company's financial projections, the Registration Statement fails to disclose: (i) all line items used to calculate non-GAAP gross profit, non-GAAP operating income (loss), unlevered free cash flow, and unlevered free cash flow less stock-based compensation; (ii) projected net income; and (iii) a reconciliation of all non-GAAP to GAAP metrics.

30. The Registration Statement fails to disclose Salesforce's financial projections.

31. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

32. Second, the Registration Statement omits material information regarding the analyses performed by the Company's financial advisors, Qatalyst Partners LP ("Qatalyst") and Goldman Sachs & Co. LLC ("Goldman Sachs").

33. With respect to Qatalyst's Illustrative Discounted Cash Flow Analysis, the Registration Statement fails to disclose: (i) all line items used to calculate unlevered free cash flows; (ii) the individual inputs and assumptions underlying the discount rates of 8.25% to 9.75%; (iii) the terminal values for Slack; (iv) Qatalyst's basis for applying by a range of fully diluted enterprise value to next-12-month's estimated UFCF multiples of 30.0x to 45.0x; (v) the cash, cash equivalents, convertible debt, non-controlling interest, and net operating losses used in the analysis; and (vi) the number of fully diluted shares of Slack common stock outstanding.

34. With respect to Goldman Sachs' Implied Premia and Multiples Analysis, the Registration Statement fails to disclose: (i) the number of fully diluted shares of Slack common stock outstanding; and (ii) the Company's net debt.

35. With respect to Goldman Sachs' Illustrative Discounted Cash Flow Analysis, the Registration Statement fails to disclose: (i) all line items used to calculate unlevered free cash flow less stock-based compensation; (ii) the individual inputs and assumptions underlying the discount rates of 6.5% to 9.5%; (iii) the terminal values for Slack; (iv) Goldman Sachs' basis for applying an illustrative range of terminal year multiples of 25.0x to 35.0x and perpetuity growth rates ranging from 2.3% to 6.3%; (v) the number of fully diluted outstanding shares of Slack common stock; and (vi) the net debt and net operating losses used in the analysis.

36. With respect to Goldman Sachs' Illustrative Present Value of Future Share Price Analysis, the Registration Statement fails to disclose: (i) Goldman Sachs' basis for applying enterprise value to NTM revenue multiples of 16.0x to 20.0x; (ii) the individual inputs and assumptions underlying the discount rate of 8.0%; and (iii) Slack's net debt.

37. With respect to Goldman Sachs' Premia Analysis, the Registration Statement fails to disclose the premiums paid in the transactions observed in the analysis.

38. With respect to Goldman Sachs' Selected Companies Analysis, the Registration Statement fails to disclose the individual multiples and metrics for the companies observed in the analysis.

39. When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

40. The omission of the above-referenced material information renders the Registration Statement false and misleading.

41. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

### Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Slack

42. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

43. The Individual Defendants disseminated the false and misleading Registration Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading. Slack is liable as the issuer of these statements.

44. The Registration Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Registration Statement.

45. The Individual Defendants were at least negligent in filing the Registration Statement with these materially false and misleading statements.

46. The omissions and false and misleading statements in the Registration Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Registration Statement and in other information reasonably available to stockholders.

47. The Registration Statement is an essential link in causing plaintiff to approve the Proposed Transaction.

48. By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

49. Because of the false and misleading statements in the Registration Statement, plaintiff is threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants and Salesforce

50. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

51. The Individual Defendants and Salesforce acted as controlling persons of Slack within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as officers and/or Board members of Slack and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Registration Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

52.     Each of the Individual Defendants and Salesforce was provided with or had unlimited access to copies of the Registration Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

53.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.  The Registration Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction.  They were thus directly involved in the making of the Registration Statement.

54.     Salesforce also had supervisory control over the composition of the Registration Statement and the information disclosed therein, as well as the information that was omitted and/or misrepresented in the Registration Statement.

55.     By virtue of the foregoing, the Individual Defendants and Salesforce violated Section 20(a) of the 1934 Act.

56.     As set forth above, the Individual Defendants and Salesforce had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act.  As a direct and proximate result of defendants' conduct, plaintiff is threatened with irreparable harm.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a Registration Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E. Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: January 6, 2021                     **RIGRODSKY & LONG, P.A.**

By: */s/ Timothy J. MacFall*
Seth D. Rigrodsky
Timothy J. MacFall
Gina M. Serra
Vincent A. Licata
825 East Gate Boulevard, Suite 300
Garden City, NY 11530
Telephone: (516) 683-3516
Email: sdr@rl-legal.com
Email: tjm@rl-legal.com
Email: gms@rl-legal.com
Email: vl@rl-legal.com

*Attorneys for Plaintiff*